UNITED STATES DISTRICT COURT                <u>ONLINE PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
M.E.S., INC.,

        Plaintiff,

    -against-                                <u>MEMORANDUM</u>

M.J. FAVORITO ELECTRIC, INC.,
INTEGRATED LIGHTING, LLC,
MARK FAVORITO and LIBERTY MUTUAL       08-CV-183 (JG) (JMA)
INSURANCE COMPANY,

        Defendants.
---------------------------------------------------------------------x
LIBERTY MUTUAL INSURANCE CO.,

        Defendant-Third-Party Plaintiff,

    -against-

TAMATHA FAVORITO, HARIS HOT,
ALBERT HOT, LAURA HOT, SUZANA HOT,

        Third-Party Defendants.
---------------------------------------------------------------------x
UNITED STATES OF AMERICA, for the use and
benefit of M.J. FAVORITO ELECTRIC, INC., and
M.J. FAVORITO ELECTRIC, INC.,

        Defendant-Third-Party Plaintiff

    -against-

HIRANI ENGINERRING & LAND SURVEYING, P.C.,
and SAFECO INSURANCE COMPANY OF AMERICA,

        Third-Party Defendants.
---------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        This memorandum explains my earlier decision to grant the application by

plaintiff MES, Inc. ("MES") for an order staying these proceedings. For the reasons explained

below, this litigation is stayed in its entirety as a result of Mark and Tamatha Favorito's petition for bankruptcy protection.

BACKGROUND

The nub of these complicated proceedings is a dispute over a construction contract between MES and MJ Favorito Electric, Inc. ("MJFE"). MES contracted with the U.S. Army to build a High Energy Propellant Formulation Facility at Picatinny Arsenal in Dover, New Jersey. In turn, MES entered into two subcontracts with MJFE, under which MJFE agreed to do electrical and telecommunications work for the new facility. MES contends that MJFE failed to live up to its contractual duties; MJFE counters that MES breached its own obligations and wrongfully terminated the subcontracts. The dispute has spawned four complaints before me:

Complaint #1: MES brought a state-court action for breach of contract and unjust enrichment against four defendants: MJFE, Mark Favorito (MJFE's President and owner), Integrated Lighting, LLC (another company owned and controlled by Mark Favorito), and Liberty Mutual Insurance Co. (the guarantor of MJFE's performance under the subcontracts). The defendants removed MES's action to this Court based on diversity jurisdiction.

Complaint #2: After removal, MJFE filed its own action in this Court,[1] counterclaiming against MES, Inc., and naming as third-party defendants Hirani Engineering & Land Surveying, P.C. (MES's joint venture partner), and Safeco Insurance Company of America (the guarantor of MES's payment under the subcontracts). MJFE demands payment for work done under the subcontracts and damages for wrongful termination.

---

[1] MJFE brings its action both in its own capacity and in the name of the United States under the Miller Act. *See* 40 U.S.C. § 3133(b)(3)(A).

2

Complaint #3: In addition, defendant Liberty Mutual filed its own complaint, seeking indemnity in the event that Liberty Mutual is held liable to MES. Liberty Mutual asserted cross-claims against MJFE and Mark Favorito, and impleaded Tamatha Favorito (Mark's wife), Albert Hot, Laura Hot, Haris Hot, and Suzanna Hot ("the Hots"), each of whom signed an agreement to indemnify Liberty Mutual for its liability on the performance bond.

Complaint #4: The pleadings skirmish was not yet over. In a fourth complaint, the seven parties sued by Liberty Mutual in Complaint #3 (MFJE, Mark Favorito, Tamatha Favorito, and the Hots) brought an action against MES and Hirani for contribution in the event that any of them was required to indemnify Liberty Mutual.

Each of these four complaints was answered, and the parties entered discovery. On consent, Judge Azrack referred the case to mediation.

On October 19, 2008, Mark Favorito and Tamatha Favorito filed a joint voluntary petition for relief under Chapter 13 of the Bankruptcy Code in New Jersey. Though the Favoritos' counsel informed Judge Azrack of the petition in a letter filed on November 10, 2008, MES waited almost a year to seek a declaration that the action was stayed.

MES contends that the bankruptcy petition requires a stay of the entire litigation. After MES filed its motion for a stay, I asked any party opposing a stay of the whole case to submit objections in writing. MJFE (whose counsel also represents Mark Favorito, Tamatha Favorito, the Hots, and Integrated Lighting LLC) responded by contending that the action is stayed only to the extent that a party seeks relief against Mark and Tamatha Favorito personally. The Favoritos, through their bankruptcy attorney, concurred. Safeco Insurance took no position

3

as to whether the action is stayed, but suggested that the Favoritos' bankruptcy trustee be joined in this litigation as a necessary party.

DISCUSSION

The Bankruptcy Code's automatic stay provision provides that a bankruptcy petition "operates as a stay, applicable to all entities, of … the commencement or continuation … of a judicial … proceeding against the debtor." 11 U.S.C. § 362(a). It is indisputable, and undisputed, that the statute stays the litigation to the extent that no action against Mark Favorito or Tamatha Favorito may proceed. The parties, however, disagree as to whether the rest of the litigation is or should be stayed. In the interests of clarity, I consider the effect of the Favoritos' bankruptcy petition on each of the complaints filed in this action.

<u>Complaint #1</u>: MES's complaint is, of course, stayed insofar as it asserts any cause of action against Mark Favorito. MFJE and the Favoritos, however, contend that the action may proceed against Mark Favorito's co-defendants: MFJE itself, Integrated Lighting LLC, and Liberty Mutual.[2]

As MJFE points out, a suit against a debtor's co-defendant is not generally stayed by the debtor's bankruptcy filing. *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). The automatic stay can apply to proceedings against non-debtors, but "normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.* Here, it is apparently undisputed that MFJE and Integrated Lighting, LLC are wholly owned by Mark and Tamatha Favorito. In materially identical circumstances, the Second Circuit has held that a claim against a closely-held

---

[2] Since the purpose of the stay is to protect creditors as well as the debtors, the debtors may not waive the automatic stay. *See Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986).

corporation is barred by the automatic stay resulting from the owner's bankruptcy. *Id.* ("the stay applies to Queenie because it is wholly owned by Gardner, and adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner"). In this respect, there is no reason to distinguish this case from *Queenie*.[3] Success for MES against MFJE and Integrated Lighting LLC would have an immediate adverse economic effect on the debtors, and Complaint #1 is therefore automatically stayed as against these two defendants, too.

MES's action against Liberty Mutual is seemingly not stayed automatically by the Favoritos' bankruptcy filing. True, the debtors' estates might ultimately be harmed if Liberty Mutual were held liable to MES on the performance bond. Liberty Mutual would likely then have valid contractual claims against Mark and Tamatha Favorito, and against MJFE, their wholly-owned business, for indemnity, and in "unusual circumstances" a debtor's indemnity obligation may justify applying the automatic stay to claims against non-debtors. *See In re Lomas Fin. Corp.,* 117 B.R. 64, 68 (S.D.N.Y. 1990) (applying the automatic stay to an action against a debtor corporation's officers because the debtor would be obligated to indemnify the officers). However, as I note below in my discussion of Complaint #3, those indemnity claims are themselves subject to the automatic stay, hence depriving them of any immediate adverse economic effect on the debtors' estates.

Moreover, Liberty Mutual is the guarantor of MJFE's obligations. A general rule freezing a guarantor's payment obligation because the debtor or another indemnitor had sought bankruptcy protection would threaten the very purpose of the guarantee. To the contrary, "[t]he

---

[3] One bankruptcy court has stated that the automatic stay resulting from a Chapter 13 petition, as opposed to a Chapter 11 or Chapter 7 petition, cannot extend to an LLC co-defendant owned by the petitioner. *In re McCormick*, 381 B.R. 594, 601-02 (Bankr. S.D.N.Y. 2008). I respectfully disagree. I see no basis for interpreting § 362(a)(1) differently depending on the form of bankruptcy protection the debtor has applied for, or for limiting *Queenie*'s reach to corporations, as opposed to LLCs.

general rule is that section 362 of the Code does not apply to guarantors of obligations of the debtor." G. Hisae Ishii-Chang, *Litigation and Bankruptcy: The Dilemma of the Codefendant Stay*, 63 Am. Bankr. L.J. 257, 274 (1989); *see also United States v. Wright*, 57 F.3d 561, 562 (7th Cir. 1995) ("The automatic stay does not apply to guarantors"). No party to this action has provided any reason to depart from that general rule.

That, however, is not the end of the matter. Leaving the Bankruptcy Code's stay provisions to one side, a court has inherent power to stay proceedings and "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). MES, the plaintiff in Complaint #1, is itself asserting that the proceedings are stayed. For its part, Liberty Mutual might conceivably have preferred a speedier end to the litigation, but it declined to respond to my invitation for objections to an order staying the whole case. I see no reason to force MES and Liberty Mutual to fight the case now, particularly when the Bankruptcy Code has halted the action as it pertains to Liberty Mutual's three co-defendants. Accordingly, I exercise my discretion to stay the remainder of Complaint #1.

Complaint #2: MJFE's retaliatory counterclaim and third-party complaint is not itself an action against the debtor's estate. Nor would the relief sought in Complaint #2 work an adverse impact on the debtor's estates; to the contrary, an award of damages to MJFE would likely augment those estates. Accordingly, the action is not automatically stayed by the Favoritos' bankruptcy. Again, however, I have the equitable power to stay Complaint #2. *See Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983) (recognizing the district court's inherent discretionary power to stay actions involving non-debtors even where the

6

automatic stay does not apply). The power to stay should be exercised based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

In considering whether to exercise my inherent power to stay Complaint #2, I take as my starting point my earlier conclusion that Complaint #1 is stayed. At heart, the two actions concern essentially the same issue, namely whether MES or MFJE is to blame for the breakdown in their contractual relationship. Permitting the counterclaim and third-party complaint to proceed while the initial complaint is stayed would likely lead to wasteful duplication. It would hardly be conducive to wise judicial administration or to the comprehensive disposition of litigation for the parties to contest and the Court to decide the allocation of blame under Complaint #2, only to retread the same ground if and when Complaint #1 is revived. Moreover, allowing the case to proceed in this lopsided manner might well evade the purpose of the automatic stay. If MJFE were to fail on its counterclaim, the conclusion that MES is entitled to prevail against MJFE on Complaint #1 would seem inescapable. Because the actions are inextricably intertwined, I exercise my discretion to stay Complaint #2 in its entirety. *See Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir. 1991) (the "decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion").

Complaint #3: Liberty Mutual's claims for indemnity against Mark Favorito and Tamatha Favorito are obviously stayed by § 362(a). And, as discussed above, the suit against MJFE is stayed by *Queenie*'s gloss on the statutory language, which extends the automatic stay to actions against the debtors' wholly-owned corporations.

7

Liberty Mutual's claims against the Hots are not stayed by the Bankruptcy Code. But because any liability on the Hots' part arises only if and when Liberty Mutual is compelled to pay MES on the performance bond, it would clearly be senseless for these parties to litigate their dispute at this stage. Not surprisingly, neither Liberty Mutual nor the Hots objected to an order staying the case, and I exercise my discretion to stay the remaining portion of Complaint #3.

Complaint #4: For similar reasons, I exercise my inherent power to stay Complaint #4. The contribution claims asserted in that complaint are contingent on Liberty Mutual prevailing on Complaint #3. Because Complaint #3 is itself being held in abeyance, it would obviously be premature for the parties to contest the claims in Complaint #4 at this time.

## CONCLUSION

Because the heart of this dispute is stalled by the automatic stay, and because I exercise my discretion to stay the remainder of the case, this litigation is stayed in its entirety.

A party wishing to proceed with this litigation may seek an order from the Bankruptcy Court lifting the automatic stay. *See* 11 U.S.C. § 362(d). If the Bankruptcy Court accedes to such a request, I will, of course, reconsider my decision to stay the rest of the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 15, 2010
      Brooklyn, New York